UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BAUSCH & LOMB INCORPORATED,

Plaintiff,

- v -

FAEZEH MONA SARFARAZI, M.D.,

Defendant.

Case No. 09-cv-6041-MAT

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

NIXON PEABODY LLP
Carolyn G. Nussbaum
Terence L. Robinson, Jr.
*Attorneys for Plaintiff and Counterclaim-Defendant Bausch & Lomb Incorporated*
1300 Clinton Square
Rochester, New York 14604
Telephone:  (585) 263-1000

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................... ii

INTRODUCTION .......................................................................................................................1

ARGUMENT ...............................................................................................................................1

POINT I      THE MOTION FOR PARTIAL SUMMARY JUDGMENT
             IS UNOPPOSED .......................................................................................................1

POINT II     THE UNOPPOSED MOTION SHOULD BE GRANTED
             BECAUSE B+L HAS DEMONSTRATED THAT IT IS
             ENTITLED TO PARTIAL SUMMARY JUDGMENT.........................................2

CONCLUSION..............................................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Amaker v. Foley*,
   274 F.3d 677 (2d Cir. 2001)........................................................................................................2

*Ne. Lumber Mfg. Ass'n v. NLM Enters., Inc.*,
   No. 08-CV-568S, 2009 WL 1204348 (W.D.N.Y. Apr. 30, 2009)............................................2

*S.E.C. v. Tee to Green Golf Parks, Inc.*,
   No. 00-cv-0478, 2011 WL 147862 (W.D.N.Y. Jan. 18, 2011)................................................2

## INTRODUCTION

Plaintiff and Counterclaim-Defendant Bausch & Lomb Incorporated ("B+L") respectfully submits this reply memorandum, along with the accompanying Reply Affidavit of Carolyn G. Nussbaum, in further support of its motion for partial summary judgment dismissing certain counterclaims for breach of contract asserted by Defendant and Counterclaimant Faezeh Mona Sarfarazi, M.D. ("Dr. Sarfarazi").

## ARGUMENT

## POINT I

## THE MOTION FOR PARTIAL SUMMARY JUDGMENT IS UNOPPOSED

B+L filed the present motion for partial summary judgment on May 13, 2013. (Nussbaum Aff. ¶ 3, June 24, 2013 (hereinafter, "Reply Aff.")).  The following day, the Court issued an electronic notice that B+L's motion for partial summary judgment would be submitted without oral argument on July 10, 2013.  (*Id.* at ¶ 4.)  Since the Court did not order any particular briefing schedule, the submission of responding papers and reply papers is governed by the default timing for summary judgment motions contained in Local Rule 7(b)(2)(A).  (*Id.* at ¶ 5.) As a result, Dr. Sarfarazi's responding papers were due on June 10, 2013, twenty-eight days after B+L filed its motion for partial summary judgment.  *See* Local Rule 7(b)(2)(A) ("If the Court does not set deadlines by order … [t]he opposing party shall have twenty-eight days after service of the motion to file and serve responding papers.").

Dr. Sarfarazi did not file responding papers by June 10, 2013.  On June 12, 2013, counsel for B+L reminded counsel for Dr. Sarfarazi of the missed deadline, and counsel for Dr. Sarfarazi asked to extend the June 10 deadline for the submission of responding papers for "another day or two."  (Reply Aff. ¶¶ 6-7.)  Despite the request for additional time, Dr. Sarfarazi has still not

filed or served responding papers, or sought any additional time.  (*Id.* at ¶¶ 9-10.)  As a result, B+L's motion for partial summary judgment is unopposed and should be granted.

## POINT II

### THE UNOPPOSED MOTION SHOULD BE GRANTED BECAUSE B+L HAS DEMONSTRATED THAT IT IS ENTITLED TO PARTIAL SUMMARY JUDGMENT

The failure to oppose a motion for summary judgment does not, in and of itself, warrant summary judgment against the nonmoving party.  "[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial."  *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).  Once that examination is made, and the Court determines that the moving party has met its burden, entry of summary judgment is appropriate. *See S.E.C. v. Tee to Green Golf Parks, Inc.*, No. 00-cv-0478, 2011 WL 147862, at *8 (W.D.N.Y. Jan. 18, 2011) (granting partial summary judgment against two defendants who did not oppose the motion when the Court examined the moving papers and concluded that "the undisputed evidence demonstrates that [the defendants] defrauded the Tee to Green note purchasers").

Moreover, on an unopposed motion for summary judgment, the facts contained in the moving party's Local Rule 56 Statement of Material Facts are deemed to be admitted for purposes of the motion.  Local Rule 56(a)(2) ("Each numbered paragraph in the moving party's statement of material facts will be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement."); *see also Ne. Lumber Mfg. Ass'n v. NLM Enters., Inc.*, 08-CV-568S, 2009 WL 1204348, at *1 (W.D.N.Y. Apr. 30, 2009) ("[B]ecause [defendant] failed to respond to [plaintiff's] summary

judgment motion, the factual allegations in [plaintiff's] Local Rule 56.1 statement are deemed admitted").

Here, B+L has met its burden of showing that there are no genuine issues of a material fact and that it is entitled to judgment as a matter of law.  First, B+L has demonstrated that Dr. Sarfarazi cannot recover reputational harm damages under New York law because they are too speculative as a matter of law.  (Moving Memo. at 10-14.)  B+L has cited deposition testimony from Dr. Sarfarazi in its Local Rule 56(a)(1) Statement of Material Fact (hereinafter, "Rule 56 Statement") (Dkt. # 79) that demonstrates that Dr. Sarfarazi cannot identify a specific business opportunity that she lost as a result of any action of B+L.  Specifically, Dr. Sarfarazi does not contest the fact that *she* chose to stop pursuing conversations with Abbott, Alcon, Johnson & Johnson, and Pfizer, the only four companies that she ever tried to market the Lens to after the termination of the License Agreement.  (Rule 56 Statement ¶¶ 16-21.)  Therefore, under Local Rule 56(a)(2), Dr. Sarfarazi has admitted that she has not lost a specific business opportunity as a result of conduct by B+L.  As a result, B+L is entitled to the dismissal of the counterclaim for breach of contract to the extent it seeks damages for reputational harm.

Second, B+L has demonstrated that Dr. Sarfarazi cannot recover reputational harm damages under New York law because they were not sufficiently foreseeable.  (Moving Memo. 14-18.)  With the plain language of the License Agreement and the deposition testimony and affidavits cited in B+L's Rule 56 Statement, B+L has demonstrated that the parties did not contemplate when the License Agreement was executed that B+L would be liable for reputational harm damages if the Lens was not successfully developed.  Specifically, Dr. Sarfarazi does not contest the following facts: (1) the Licensed Technology was unproven at the time of contract; (2) there were no comparable lenses on the market; (3) B+L's only

development obligation under the License Agreement was to use reasonable efforts to develop the Lens; and (4) Dr. Sarfarazi would only receive development payments in excess of the initial payment of $2.5 million if certain development milestones or dates were achieved. (Rule 56 Statement ¶¶ 4-5, 10-13.)  The only reasonable inference that can be drawn from these facts, which must be deemed admitted under Local Rule 56(a)(2), is that both parties understood that the Licensed Technology was unproven and there was no guarantee that it could be successfully developed or commercialized, and thus neither party contemplated that B+L would be liable for reputational harm damages if the Lens was not successfully developed.  As a result, B+L is entitled to the dismissal of the counterclaim for breach of contract to the extent it seeks damages for reputational harm.

Third, B+L has demonstrated that Dr. Sarfarazi's counterclaim for breach of contract is subject to arbitration to the extent it seeks damages tied to B+L's decision to terminate the License Agreement. (Moving Memo. 19-23.)  The plain language of the License Agreement, which is cited in B+L's Rule 56 Statement and has not been contested by Dr. Sarfarazi, demonstrates that arbitration was Dr. Sarfarazi's "sole remedy" to dispute B+L's decision to terminate the License Agreement. (Rule 56 Statement ¶¶ 8-9.)  Her counterclaim for breach of contract is inextricably tied to and based on B+L's decision to terminate the License Agreement to the extent is seeks to recover as damages the claimed injury purportedly caused by that termination.  Necessarily then, the proof involves an inquiry into the basis and merit of that decision.  As a result, B+L is therefore entitled to the dismissal of the counterclaim for breach of contract to the extent it seeks damages tied to B+L's decision to terminate the License Agreement.

Fourth, B+L has demonstrated that Dr. Sarfarazi cannot claim a breach of B+L's duty to use reasonable commercial efforts to develop the Lens because she did not notify B+L of the alleged material breach of that duty, which Dr. Sarfarazi has not challenged, or give B+L an opportunity to cure the alleged breach, as required by the License Agreement.  (Moving Memo. 23-24; Rule 56 Statement ¶ 15.)  As a result, B+L is entitled to the dismissal of the counterclaim for breach of contract to the extent it claims a breach of B+L's duty to use reasonable commercial efforts to develop the Lens.

**CONCLUSION**

For the foregoing reasons, B+L respectfully requests that the Court grant its motion and enter an order: (1) directing that Dr. Sarfarazi cannot recover monetary damages for alleged reputational harm under any of her four counterclaims; and (2) dismissing Dr. Sarfarazi's first counterclaim for breach of contract because that claim was required to be arbitrated, and was waived by Dr. Sarfarazi's failure to comply with the License Agreement's notice and cure provision.

Dated: June 24, 2013
      Rochester, New York

NIXON PEABODY LLP

By:   s/ Carolyn G. Nussbaum
      Carolyn G. Nussbaum
      Terence L. Robinson, Jr.

1300 Clinton Square
Rochester, New York 14604
Tel:  (585) 263-1000

*Attorneys for Plaintiff and Counterclaim-Defendant Bausch & Lomb Incorporated*